UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTONIA GOODIN | CIVIL ACTION NO. 21-cv-1131 |
| VERSUS | CHIEF JUDGE HICKS |
| POST ACUTE MEDICAL LLC ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The removal papers indicate that Plaintiff obtained a TRO, without notice, in state court on April 20, 2021. That TRO would expire under state law in 10 days, or April 30, 2021. La. C.C.P. art. 3604. The case was removed on April 28, 2021. Injunctive orders issued by a state court prior to removal "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. And federal procedure governs the enforcement of a prior state court order in a case removed to federal court. Resol. Tr. Corp. v. Northpark Joint Venture, 958 F.2d 1313, 1316 (5th Cir. 1992).

A TRO entered prior to removal remains in effect and is governed by Fed. R. Civ. P. 65 from the date of removal. Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, Local No. 70, 415 U.S. 423, 438, 94 S.Ct. 1113 (1974) (applying § 1450). Thus, it appears that the TRO will expire at the latest 14 days after the date of removal, which is May 12, 2021. Fed. R. Civ. P. 65(b)(2); Granny Goose Foods, Inc., 415 U.S. at 440 n. 15, 94 S.Ct. 1113; Pittman v. Joe K. Pittman Co., LLC, 2016 WL 1050299 (S.D. Miss. 2016). If Plaintiff wishes to pursue a preliminary injunction, she will need to file a motion for preliminary injunction in accordance with federal law and procedure. If

she does not file such a motion, the court will set a scheduling conference promptly after the defendants file answers.

Defendants removed the case based on diversity jurisdiction. They adequately allege that Plaintiff is a citizen of Louisiana and that more than $75,000 is in controversy. But more information is needed to determine the citizenship of the two LLC defendants. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

The notice of removal alleges that no members of the defendant LLCs are domiciled in Louisiana, but it does not identify those members. "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). Defendants, to satisfy their burden of establishing a basis for jurisdiction, must file an **amended notice of removal** by **May 12, 2021** and set forth the required detail about the members of the LLCs.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of April, 2021.

Mark L. Hornsby
U.S. Magistrate Judge